## RECONSTRUCTION FINANCE CORP. v. ZUVEKAS.

### No. 14466.

United States Court of Appeals
Eighth Circuit.

April 29, 1952.

Rehearing Denied May 22, 1952.

Rufus Burrus, Independence, Mo. (Solis Horwitz, Gen. Counsel, Reconstruction Finance Corp., Washington, D. C.; on the brief) for appellant.

Paul E. Bradley and A. E. Spencer, Jr., Joplin, Mo. (E. P. Dwyer, Jr., Joplin, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

On this appeal the Reconstruction Finance Corporation presents for our consideration and determination the same questions of law and the same contentions in respect to them which it presented to us orally and in briefs on the two hearings accorded to it in Reconstruction Finance Corporation v. Childress, 8 Cir., 186 F.2d 698; Ibid on rehearing, 186 F.2d at page 702 et seq. It appeared in that case that the Corporation possessed and had exercised authority to make two types of loans for carrying on mining projects for production of materials classified as strategic and critical materials in the National Defense Program of the government, one involving personal liability of the borrower and another characterized as a "self-liquidating loan" or as one payable "only from specified sources" for which the borrower was not personally liable. On written application of Childress, the Corporation had entered into written contract with Childress and in accordance with the contract had advanced large sums of money for carrying on such a mining project in the Joplin, Missouri, area. The advancements were not repaid and the Corporation brought action to subject Childress to personal liability therefor. It claimed that it was the intention of its officers to make the loan on a personal liability basis and that in writing up the contract one of its attorneys to whom the task was delegated made a mistake in drafting the instruments and drafted them for a self-liquidating loan instead of one creating a personal liability. It contended that because the Reconstruction Finance Corporation is a public corporation discharging government functions, it could not be held responsible for the mistakes of its agents, whether such mistakes were mutual or unilateral. It also contended that the contract as written could and should be construed to impose personal liability upon the borrower for the amounts advanced for the project.

Our decision in the Childress case settled for this circuit that the contract involved was for a self-liquidating loan payable only out of the specified assets, that it was binding on the Corporation, and that the borrower was not personally liable for the moneys advanced.

In the present action in which this appeal is taken it appears that the Reconstruction Finance Corporation received the same kind of an application for loan it had received from Childress, and pursuant thereto had entered into the same kind of a written contract for the advancement of moneys for carrying on another mining project in the same area for the same purpose as the Childress project. Advancements were made in accordance with the contract and were not repaid. The action was brought by the Corporation to foreclose the lien on the project property and to subject the borrower to personal liability. The property was voluntarily turned over to the Corporation however, and was in its possession at the time of trial, so that the issue tried was confined solely to that of the personal liability of the defendants. The Corporation made the same contentions: that it was the intention of its officers to make the loan on a personal liability basis and that in writing up the contract one of its attorneys to whom the task was delegated made a mistake in drafting the instruments and drafted them for a self-liquidating loan instead of creating a personal liability; that the Reconstruction Finance Corporation could not be held for the mistakes of its agents, whether such mistakes were mutual or unilateral, and also that the contract as written up and executed could and should be construed to impose personal liability upon the borrower for the amounts advanced for the project. At the conclusion of all the evidence on the trial of this case to the District Court without a jury the court inquired of counsel whether they desired time in which to file briefs, and counsel for R. F. C. stated, "as far as the law is concerned, the briefs that we have had in the Childress case are so closely akin to this one, unless there is some question the court would like to have further discussed, I believe the law in that brief has application to the law in this one." By agreement of the parties decision and judgment in the instant action was withheld in the District Court until final opinion was rendered in this court on appeal from the judgment of the District Court in the Childress case. The trial court concluded that the opinions of this court in that case "declare and settle all the law applicable in the issues of the instant action", and having made findings of the facts with meticulous care, it entered judgment of dismissal at plaintiff's costs.

Most of the argument for R. F. C. on this appeal has been to the effect that our decision in the Childress case was wrong, but some attempt has also been made to differentiate the cases. We adhere to our former decision and are satisfied that the trial court was not in error in its conclusion that that decision was controlling in this case. The claim of a difference in principle favorable to the Corporation was without merit.

Judgment affirmed.